## WATSON *v.* ZIMMERMAN.

To enable the plaintiff in ejectment to recover on prior possession, he must allege and prove an actual ouster.
The want of such an allegation in the complaint, is a defect which cannot be cured by a default taken through the mistake or inadvertence of defendant's counsel.

APPEAL from the District Court of the Third Judicial District, County of Alameda.

Action of ejectment. The complaint alleges "that until wrongfully ousted by the defendant," the plaintiff and his predecessors in interest were in possession, and that plaintiff is still entitled to possession of the land in controversy, and that defendant is wrongfully and unlawfully in possession and unjustly withholds the same from plaintiff, etc.

On filing affidavits of plaintiff and his counsel that they both reside in the county and that no answer or demurrer had been served on either of them within the required time, default was entered, and on motion of plaintiff's attorney final judgment was rendered for plaintiff. Defendant's attorney moved at the next term of the Court to set aside the default on his affidavit that he had filed an answer within the required time, but had not served a copy on defendant as required by the recent

amendment to the Practice Act, being ignorant thereof. That the answer was filed after the commencement of the term at which judgment was entered, and that deponent had been informed by the Court that no causes would be tried at that term, in which issue had been joined after the first day of term; and that deponent left the Court in that belief; and that defendant has a good defence on the merits. The District Court overruled the motion, and defendant appealed.

*H. P. Irving* for Appellant.

The complaint does not show a sufficient cause of action, and if the judgment entered is considered a judgment by default, the Court has a right to reverse it on that ground. Treadwell v. Dewey, 5 Cal., 310.

*E. R. Carpentier* for Respondent.

The opinion of the Court was delivered by Mr. Justice TERRY. Mr. Chief Justice MURRAY concurred.

To enable the plaintiff to recover in an action of ejectment founded on prior possession, he must allege and prove an actual ouster by defendants or those under whom he holds. Treadwell v. Paine & Dewey, 5 Cal. R., 9. The complaint in this case contains no such allegation, and under our system of pleadings this is such a defect as cannot be cured by a default taken against defendant through the mistake or inadvertence of his counsel.

The judgment is reversed, with costs, and the cause remanded.