ELIZABETH DALE *et al.*, Defendants in Error, *v.* JOHN J. FAIVRE, Plaintiff in Error.

1. *Land Titles — Ejectment — Prior possession with claim of the fee — Presumptions.* — It is well settled that prior possession, accompanied by a claim of the fee, raises a presumption of title and is sufficient to support the right to eject him who has only the naked possession; and the grantee of the person so holding prior possession succeeds to his title and rights.

### Error to St. Louis Circuit Court.

The facts appear in the opinion of the court.

*Morehead* and *Higdon*, for plaintiff in error.

The plaintiff's evidence did not establish a legal title by possession, or by any reasonable claim of possession, and the defendant's motion for a non-suit ought to have been sustained. (Ad. on Eject., Tillinghast's ed., 285; 38 Mo. 302, 435; 6 Mo. 106; 30 Mo. 99; 19 Mo. 660.)

*John N. Straat*, for defendants in error.

BLISS, Judge, delivered the opinion of the court.

The plaintiff brought her action for the possession of a lot in St. Louis, and the case was submitted to the court without any declarations of law being asked for defendant, and the finding and judgment was for the plaintiff. The defendant offered no evidence showing any right of possession, but relied upon the fact of possession merely. After the plaintiff had submitted her evidence, the defendant asked for a non-suit, on the ground that she had shown no title to the property.

The evidence showed that the plaintiff claimed title to the lot by deed from one Payne; also that Payne held the title as trustee, with full power to hold and sell, and for many years had possession of the lot as trustee, letting it out and receiving rent. The deed to Payne's grantor, the instrument creating the trust to Payne, and his deed to the plaintiff, were submitted, together with the evidence of Payne's possession.

It is well settled that prior possession, accompanied by a claim of the fee, raises a presumption of title, and is sufficient to sup-

port the right to eject him who has only the naked possession. (Jackson *ex dem.* v. Porter, 1 Paine, 457; Ricard v. Williams, 7 Wheat. 59; Duncan v. Harder, 4 Johns. 202; Smith v. Lorillard, 10 Johns. 338; Harding v. Cook, 5 Moore & Payne, 181.) The grantee of the person so holding prior possession succeeds to his rights; and the plaintiff made a *prima facie* case, and the defendant must show title or leave.

The judgment is affirmed. The other judges concur.