Francis M. Davis Appellant, *vs.* Archibald Thompson Respondent.

1. *Ejectment—Statute of Limitations—Possession for period of—Patent need not be proved, when.*—Possession of land in the owner or his grantors for more than thirty years accompanied with a claim of right, establishes a title which will warrant a recovery in ejectment, unless defeated by a better title set up by defendant. It is unnecessary in such case to go further and show title from the United States, where the Government is no party to the suit.

### Appeal from Livingston Circuit Court.

### Dixon, McFerran & Warder, for Appellant.

The law presumes that a person in possession of land has acquired the title which the people or sovereign once held. (Tyl. Ej., 105, 569 ; 14 How., 295.)

### Ray and Ray, for Respondent.

In actions of ejectment, the statute of limitations does not begin to run so as to confer title till the "fee" has passed from the General Government, by patent or grant. (Gibson vs. Chouteau, 50 Mo., 85 ; *Ibid*, 13 Wall., 93 ; *Ibid*, 39 Mo., 536 ; Cabanne vs. Lindell, 12 Mo., 184.)

The statute cannot bar the United States General Government.

Wagner, Judge, delivered the opinion of the court.

The plaintiff brought his action in ejectment in the Circuit Court, to recover the possession of a tract of land lying in Livingston County. The petition was in the ordinary form, and the answer contained a simple denial of its allegations. The trial was before the court without the intervention of a jury, and the plaintiff introduced evidence showing that one A. C. Martin conveyed the premises in question to the plaintiff in the year 1860, by a deed, and that said Martin had occupied and possessed the real estate under a claim of title, derived by deed, for about ten years before the sale and conveyance to plaintiff ; and that one Wm. Martin who granted and sold the land to A. C. Martin, the plaintiff's grantor, had been in possession of the land at the time he made said sale and con-

veyance for more than twenty years, thus showing a continuous possession under a claim of title in the plaintiff's grantors of more than thirty years. Upon this evidence, the defendants by way of demurrer to the testimony, moved the court to declare the law to be, that the plaintiff had shown no right to the possession of the premises in controversy, because it did not appear that the title to the same had ever passed out of the United States; and that in the absence of such proof, the title was presumed to remain in the government. This motion, against the objection of the plaintiff, was sustained; whereupon, the plaintiff took a non-suit, and after an ineffectual effort to set the same aside, has brought the case here by appeal.

The only question in this case is, whether after the plaintiff had shown a good title by possession, it was necessary before he could recover, to go further and show that a patent had emanated from the government to his grantor or those under whom he claimed. It does not appear how the defendant obtained possession of the premises, or that he has any meritorious claim to them. He did not set out any title in his defense, nor did he give any evidence. The general doctrine is, that possession for the period of the statute of limitations, accompanied by a claim of title, will constitute such a title as to enable the party to maintain ejectment: In Crockett vs. Morrison, (11 Mo., 1) this court said: "As the action for ejectment is a possessory action, where no title appears on either side, a prior possession though short of twenty years, will prevail over a subsequent possession which has not ripened into a title, provided the prior possession be under a claim of right and not voluntarily abandoned." So in Dale vs. Faivre, (43 Mo., 556), it was declared that it was well settled, that prior possession, accompanied by a claim of the fee, raises a presumption of title, and is sufficient to support the right to eject him who has only the naked possession, and that the grantee of the person so holding prior possession, succeeds to his rights.

Kent, Ch. J., in Smith vs. Lorrillard (10 Johns., 355,) very

clearly states the reasons on which the doctrine is based, "that the first possession" he says " should in such cases be the better evidence of right, seems to be the just and necessary inference of law. The ejectment is a possessory action, and possession is always presumption of right, and it stands good till other and stronger evidence destroys that presumption. This presumption of right, every possession of land has in the first instance, and after a continued possession of twenty years, under pretense or claim of right, the actual possession ripens into a right of possession which will toll an entry."

The very case in reference to the necessity of the plaintiffs showing a title from the government, was decided in Christy vs. Scott, (14 How., 283, 295.) It was there held, that although the plaintiff's title might not have been good as against the government, still the defendant could not defend against it without showing title in himself, and that when plaintiff in his petition averred, that he was actually seized, and the defendant who was a mere intruder, ejected him, it was an unlawful act; and that ejectment was maintainable notwithstanding the government might have the true title, or might have granted it to another.

When the plaintiff, as in this case, showed a possession in his grantors extending back more than thirty years, accompanied with a claim of right, it made out in him a title which warranted a recovery, unless defeated by a better title set up by the defendant. And from the lapse of time during which the land had been occupied and possessed, it might well be presumed as against everybody except the government, that a patent had actually issued.

But the government is not here defending or making any claim to the land, and the defendant will not be permitted to interpose a defense in its behalf.

The judgment must be reversed and the cause remanded. All the judges concur.