FARLEY v. THE ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY COMPANY, *Appellant.*

**Railroad**: DOUBLE DAMAGES FOR KILLING OF CATTLE BY COMPANY NOT THE OWNER OF THE ROAD. A railroad company which operates its trains with its own servants and agents over a part of the road of another company, under an arrangement with that company, is liable under section 809, Revised Statutes 1879, in double damages for the killing, by its trains, of cattle which come on the track in consequence of the absence of fences.

*Appeal from Jackson Circuit Court*—HON. S. H. WOODSON, Judge.

AFFIRMED.

*Wells H. Blodgett* and *Prosser Ray* for appellant.

Our statute cannot be so construed as to cast upon the defendant the burden of fencing the track owned by another company, while the company owning that track remains in the undisputed exercise of its authority and in the absolute possession of its own property, and that, too, without so much as an averment or the suggestion of a

lease or contract giving defendant dominion over the property, other than the mere privilege of moving its cars upon the iron rails of the owner. The company which has the right and power to fence is alone liable for failure to do so. *Liddle v. Keokuk, etc., R. R.*, 23 Iowa 378; *Cincinnati, etc., R. R. v. Paskins*, 36 Ind. 382.

*Dunlap & Freeman* for respondent, cited Redfield on Railways, (5 Ed.) top p. 509, § 127, ¶ 8, note 11; Ib., top p. 619, § 142, ¶ 3; Wharton on Negligence, (2 Ed.) § 901, chap. 6; Shearman & Redfield on Negligence, (2 Ed.) p. 542, chap. 26, § 466, note 5; *Toledo, etc., R. R., v. Rumbold*, 40 Ill. 143; *Illinois Cent. R. R. Co. v. Kanouse*, 39 Ill. 272; *Clement v. Canfield*, 28 Vt. 302; *Tracy v. Troy, etc., R. R. Co.*, 38 N. Y. 433; *Penn. R. R. Co. v. Sly*, 55 Pa. St. 209.

SHERWOOD, C. J.—The petition is as follows: Plaintiff states that the defendant is a corporation duly incorporated by the laws of the State of Missouri, and, as such, operates a railroad known as the St. Louis, Kansas City & Northern Railway within the limits of said State. Plaintiff states that at a point in the county of Clay, known as Minneville, the defendant's road, as a separate roadway and track, ceases, and that from that point to Harlem depot, all in Gallatin township, Clay county, Missouri, defendant runs its train of cars, managed and directed by its own servants and agents, and drawn by their own engines over the road-bed and track of the Hannibal & St. Joseph Railroad Company, by an arrangement with said Hannibal & St. Joseph Railroad Company for that purpose; that, during the month of July, 1876, defendant was running its engines and cars over said road-bed and track from Minneville to Harlem under and by virtue of such an agreement. Plaintiff further states that on or about the 9th day of July, 1876, she was the owner and possessor of two cows, to-wit: one large dark-red cow, six years old, of the value of $60, and one large pale-red cow, with white spots and white back, five years old, and

of the value of $50 ; that, on or about the said 9th day of July, 1876, and while the plaintiff was the owner of said cows, they were run over and killed about 400 yards east of the Harlem depot, being a point on said railroad in the township of Gallatin, county of Clay, and State of Missouri, by the engine and cars of defendant, being then and there run and operated on said railroad by the agents, servants and employees of said defendant. Plaintiff further states that, at the point on said railroad track where said cows went upon the track, and at the point where they were run over and killed, as aforesaid, there was and is no public crossing of said railroad track and said railroad track at said point passes through uninclosed lands, and that said railroad track was not and is not inclosed by a lawful fence, and that, on account of the absence of such fence, said cows went upon said railroad track and were killed ; thereby plaintiff has been damaged in the sum of $220, being double the value of said cows, for which sum of $220 and costs plaintiff asks judgment.

This petition was held sufficient on a general demurrer, i. e., that the petition did not state facts sufficient to constitute a cause of action. Defendant declining to plead further, the court proceeded to assess the damages, found from the evidence adduced that they were $200, and gave judgment accordingly.

The statute on which this proceeding is based, is as follows: " Every railroad corporation formed or to be formed in this State, and every corporation formed or to be formed under this chapter, or any railroad corporation running or operating any railroad in this State, shall erect and maintain lawful fences on the sides of the road where the same passes through, along or adjoining inclosed or cultivated fields or uninclosed lands,    *    *    sufficient to prevent horses, cattle, mules and other animals from getting on the railroad ; and until fences,    *    *    as aforesaid, shall be made and maintained, such corporation shall be liable in double the amount of all

damages which shall be done by its agents, engines or cars to horses, cattle, mules or other animals on said road, or by reason of any horses, cattle, mules or other animals escaping from or coming upon said lands, fields or inclosures, occasioned, in either case, by the failure to construct and maintain such fences."

It would have been very easy, it would seem, for the pleader to have simply followed the language of the statute just quoted, and to have stated that defendant was running (or was operating) the Hannibal & St. Joseph Railroad between the points mentioned in the petition, etc., etc. But this he failed to do, and the question arises: Is the failure a fatal one? We think not, and for these reasons: .It is to be observed that under our code, a code which seems "adapted, devised and designed" to make poor pleaders, it is not at all necessary that the petition should state a cause of action, but only "facts sufficient to constitute a cause of action." If the petition, however bunglingly drawn, contain the facts which make a cause of action, it is not obnoxious to the attack of a general demurrer, nor of a motion in arrest, nor of attack in this court for the first time. But if the necessary facts are not set forth, the objection may be taken here in the first instance; and is as fatal as the lack of jurisdiction over the subject matter of the action, at least so far as bringing about a judgment of reversal is concerned. *Weil v. Greene Co.*, 69 Mo. 281, and cases cited. So that a party gains no advantage by a general demurrer which he might not ultimately gain by a similar objection in this court. This case then stands here as if defendant were making objection now for the first time to the fundamental sufficiency of the petition, and not on the ground of some formal insufficiency of its statements.

Had no demurrer been interposed, and did this case come up to us by appeal or writ of error, would we reverse the judgment on the face of this petition? We are not prepared to go so far as that. Literally speaking, it could

scarcely be said that a corporation was " running " a rail-road, so that the expression at best, is but an elliptical, as well as colloquial phrase for running cars on a railroad. Now, the petition makes use of just such expressions ; for it states that " defendant runs its trains of cars, managed and directed by its own servants and agents, and drawn by their own engines, over the road-bed and track of the Hannibal & St. Joseph Railroad Company, by an arrangement," etc. ; that defendant was so " running its engines and cars over said road-bed and track  *  *  by virtue of such an agreement," when the cows of plaintiff " were run over and killed  *  *  by the engine and cars of defendant, being then and there run and operated on said railroad by the agents, servants and employees of said defendant." If the petition had been drawn up in a more condensed form ; had its allegations conformed more nearly to the statutory phraseology, and thus have avoided mere dilatory objections, when it came to a trial, the plaintiff, in order to recovery, would have had to introduce evidence in substance similar to the allegations above quoted. Could it be doubted that such evidence would be sufficient to meet the case set forth in the statute ? We think not ; consequently, we conclude that the petition is not lacking in facts that are essential to a cause of action, and so affirm the judgment. All concur.