## ALEXANDER v. CAMPBELL, *Appellant.*

1. **Ejectment**: PLEADING. In an action of ejectment between persons who are not co-tenants, it is not necessary for the plaintiff to allege in his petition an entry or ouster by the defendant. The only substantive facts required to be alleged are that, at the commencement of the action, defendant was in possession of the property sought to be recovered, and that plaintiff, at that time, was legally entitled to the possession of the same.

2. ———: POSSESSION AS A BASIS OF RECOVERY. Plaintiff in ejectment, to maintain his action, relied upon possession in his grantor, but failed to show that such possession had continued long enough to confer title under the statute of limitations, or that it was prior to that of defendant, the date of whose entry was not shown, or that it was taken and held under a claim of right, or that it was not abandoned. *Held*, insufficient. Something more than a mere naked prior possession is necessary as a basis for an action of ejectment.

3. **Deed**: RECITALS AS EVIDENCE. As against a stranger, the recitals in a deed executed by a trustee acting under a power contained in a deed of trust, are no evidence of the facts recited.

4. ———: TRANSCRIBED RECORDS AT KANSAS CITY. A statute, (Sess. Acts 1873, p. 136,) enacted that properly certified copies from transcribed records of deeds, originally recorded at Independence, kept at the recorder's office in Kansas City, should have the same force and effect as copies of the original records. A book purporting to contain such transcribed records having been received in evidence without proof that it came from the proper custody or that it was what it purported to be; *Held*, that there was error.

5. ———: COLOR OF TITLE: POWER OF ATTORNEY. A deed purporting to be executed by an attorney in fact, may be received as color of title, without the power of attorney being produced.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

REVERSED.

Ejectment for lots in Kansas City. Plaintiff gave in evidence a deed of trust from Jay Adams, dated March 24th, 1871, conveying the lots in dispute to R. W. Stover, to secure Geo. W. Tew in a $1,400 note of even date, and also a trustee's deed conveying the same property, dated September 3rd, 1875, executed by C. B. L. Boothe, sheriff

of Jackson county, to plaintiff, which deed recited the death of Stover, the original trustee, and a sale by the sheriff under said deed of trust and in virtue of the power thereby conferred upon him in case of the death of the said original trustee. A witness testified that Jay Adams lived on the property in 1869 and 1870, and, he believed, in 1871, and that Adams had built the house on said property. To show that Adams went into possession under claim or color of title, plaintiff next read in evidence what purported to be a copy of a deed to said lots, from a book purporting to contain copies of deeds originally recorded at Independence, said deeds purporting to be made by Josiah B. Allen and wife, by E. H. Allen, their attorney in fact, dated March 16th, 1870. Plaintiff then read a deed, dated October 30th, 1866, purporting to be made by Thomas M. Hite and wife, by H. H. King, their attorney in fact, to Josiah B. Allen. The powers of attorney, if any, under which these deeds were made, were not read in evidence, and the deeds were objected to on this ground.

*J. B. F. Cates* for appellant.

*Dunlap & Freeman* for respondent.

SHERWOOD, C. J.—The petition states that on the 27th day of October, 1875, the plaintiff was lawfully entitled to the possession of the following described premises, to-wit: Lots 9 and 10, in block 3, King & Bouton's addition to the City of Kansas, Jackson county, Missouri, and that being so entitled to the possession, the defendant afterward, on the 30th day of October, 1875, being in possession of said premises, did unlawfully withhold and does yet unlawfully withhold the possession of said property from the plaintiff. The answer denies every allegation of the petition.

## I.

It is insisted that plaintiff's action is not ejectment, but unlawful detainer. The statute respecting the former

action states that : " It shall be sufficient for the plaintiff
to aver in the petition that on some day therein to be spec-
ified, he was entitled to the possession of the premises,
describing them, and being so entitled to the possession
thereof, that the defendant, afterward, on some day to be
stated, entered into such premises and unlawfully with-
holds from the plaintiff the possession thereof," etc., etc.
R. S. 1879, § 2245.   The next succeeding section of the
statute, (§ 2246,) provides that :   "All pleadings and pro-
ceedings in this action shall be conducted as in other civil
actions, except where it is hereinafter otherwise prescribed."
The general provisions respecting a petition, are that it
shall contain " a plain and concise statement of the facts
constituting a cause of action, without unnecessary repe-
tition."   R. S., § 3511.   Facts are required to be stated, not
the legal effect of those facts.   It is not necessary under
the code to state " a cause of action," but only " facts suffi-
cient to constitute a cause of action."   *Farley v. Railroad*,
72 Mo. 338.   Another section of the code provides :   " No
allegation shall be made in a pleading which the law does
not require to be proved, and only the substantive facts
necessary to constitute the cause of action      *      *
shall be stated."   § 3527.   Recurring to the chapter enti-
tled ejectment, we find that an action for the recovery of
the possession of premises, may be maintained " in all cases
where the plaintiff is legally entitled to the possession
thereof."   § 2240.   And on looking to another section of
the same chapter, we find that :   " To entitle the plaintiff
to recover, it shall be sufficient for him to show that, at
the time of the commencement of the action, the defend-
ant was in possession of the premises claimed, and that the
plaintiff had such a right to the possession thereof as is
declared by this chapter to be sufficient to maintain the
action."   § 2247.

Now, if we consider, as we must, all the sections I
have quoted in connection with each other, it would seem
unnecessary, nay, forbidden, to allege that which " the law

does not require to be proved;" and that an entry by a defendant is not necessary; is not one of the "substantive facts," necessary for the plaintiff to prove, as shown by the section last quoted. The only "substantive facts" requisite under that section to be proved, are: 1st, The defendant in possession at the commencement of the action; 2nd, The plaintiff legally entitled to such possession. And the statute we are considering seems to make a distinction between an ordinary action of ejectment, one between strangers, and one between co-tenants; for, in the latter case, section 2248 provides: " The plaintiff shall also be required to show on the trial the defendant actually ousted him, or did some act amounting to a total denial of his right as such co-tenant." Moreover, the code requires that: " In the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties," (R. S., § 3546,) and we are commanded to disregard any error not " materially affecting the merits of the action." Ib., § 3775; *Garth v. Caldwell*, 72 Mo. 622. Here, the defendant, according to the theory of the petition, had not made an entry on the premises with a view to oust the plaintiff, but was lawfully in possession, and afterward did unlawfully withhold the premises from the plaintiff. The petition appears to state " facts sufficient to constitute a cause of action," the " substantive facts;" and we must hold it sufficient, though we can by no means commend it as a model of good pleading.

Defendant in support of his position cites *Watson v. Zimmerman*, 6 Cal. 46, where it is held that a plaintiff must " allege and prove an actual ouster." That case refers to *Payne v. Treadwell*, 5 Cal. 310, but the latter case seems to be based on a statute essentially different from our own; because our statute, as already seen, distinctly permits the use of the expression " unlawfully withholds." And it is to be further observed that section 2245 does not require that the petition shall state certain facts, but it says

"it shall be sufficient," if it does. The case of *Ensign v. Sherman*, 13 How. Pr. 35, also cited by defendant, is based upon a statute from which ours was probably derived, but has been expressly repudiated and overruled, (*Ensign v. Sherman*, 14 How. Pr. 439;) and a complaint substantially similar to the present petition, held sufficient. · To the same effect see *People v. Mayor, etc.*, 28 Barb. 2±0; *Walter v. Lockwood*, 23 Barb. 228; *Sanders v. Leavy*, 16 How. Pr. 308, 312; *People v. Mayor, etc.*, 17 How. Pr. 56; *s. c.*, 8 Abb. Pr. 7.

## II.

Notwithstanding we hold the petition sufficient, we must reverse the judgment for the following reasons: It was not shown that Jay Adams had occupied the premises for a sufficient length of time to give him a title by reason of the operation of the statute of limitations; nor that his possession was prior to that of defendant; nor that his possession, even though short of the statutory bar, was taken and held under a claim of right; nor but what he had abandoned that possession. Something more than a mere naked prior possession is necessary as a basis for an action of ejectment. *Bledsoe v. Simms*, 53 Mo. 305; *Crockett v. Morrison*, 11 Mo. 3; and furthermore:

## III.

The deed made by the sheriff, Boothe, was improperly admitted in evidence against defendant. The recitals of that deed may be *prima facie* evidence as between the parties to the deed and those holding under them, their privies in estate, because so the deed of trust made by Jay Adams to Stover, the original trustee, provided. *Carter v. Abshire*, 48 Mo. 300; *Neilson v. Chariton Co.*, 60 Mo. 386; *Vail v. Jacobs*, 62 Mo. 130. But the defendant, so far as the record shows, is an utter stranger to that deed, and could not, of consequence, be bound by any of the recitals contained in the deed from Boothe to plaintiff.

Even if it be admitted that all that deed recites is

true, how does that affect the defendant? It nowhere appears that he holds from or claims under Jay Adams, either as tenant or otherwise. How, then, can such deed possess any relevancy as to defendant? It possesses none.

## IV.

We may assume that the act of March 23rd, 1873, accomplished all that plaintiff claims for it, and still error was committed in admitting in evidence "a large book entitled Records 75, 76 A, No. 33." No one testified that this book came from the proper custody, nor that it was what it purported to be.

If any preliminary objections as to the introduction of the book in evidence had been obviated, there would have been no objection to the copy of the deed being read, notwithstanding the power of attorney to execute the deed did not appear. The deed might still have been offered in evidence as tending to support the theory that Adams went on the premises under a claim and color of right. *Hamilton v. Boggess*, 63 Mo. 233, and cases cited; *Rannels v. Rannels*, 52 Mo. 108; *Hughes v. Israel*, 73 Mo. 538. And it was only for the purpose of showing color of title in Adams, that the copy of the deed was offered in evidence.

There are other errors to which we might advert, but as they may not occur again, we forbear, reverse the judgment and remand the cause. All concur.