Tompkins J.,
delivered the opinion of the Court.
Baily sued Ormsby in the Circuit Court and now appeals to this Court to reverse the judgment given for him in that Court. This action was commenced under the act simplifying proceedings at law. The petition is as follows : Abraham R. Bailey, administrator of the estate of John Sullens, deceased; plaintiff states that he holds a note on the defendant, Henry P. Ormsby, in substance as followeth : On or before the first day of March, 1833,1 promise to pay John Sullens forty-two thousand three' hundred and thirty-three and two-thirds feet of merchantable inch and a quarter pine plank, witness my hand this 18th Peb., 1830, (signed). Yet the said debt remains unpaid, wherefore he prays judgment for his debt, and damages for the detention thereof, together with costs, and the said plaintiff brings here into Court his letters of administration upon the estate of the said John Sullens, deceased. The defendant pleaded the general issue and payment. Issues were made up on both pleas, and on the finding of the jury, a judgment was rendered in favor of the plaintiff for $42 88. The testimony saved is, that the plank was worth senty-five cents per hundred, and that a demand was proved. The defendant then proved that before the death of Sullens a settlement took place between him. and the deceased; the witness stated that it was at the house of the defendant, in Gasconade county, and that he understood that Sullens held a note or notes of the defendant to a considerable amount, that the same were at the house of Sullens, and that the defendant paid Sullens, at that time, throe hundred or three hundred and fifty dollars, which was to he credited on the said note or notes, by Sullens on his arrival at homei The witness understood from the conversation of Sullens and Ormsby at the same time, that by previous agreement betwixt the parties, the defendant had taken up certain promissory notes executed by said Sullens'to different individuals, and that the notes so taken up constituted the said payment, and that it was in consideration “of said Ormsby having purchased said notes, that the said Sullens then and there agreed to make and give the credit as aforesaid.” The defendant then offered in evidence certain notes, but failing to prove that they were the same spoken of by the witness before men,tioned, the Court on motion of the plaintiff’s counsel excluded them. The jury retired to consider of their verdict, and after some time returned into Court with a verdict of three hundred dollars for the defendant, which they explained to mean that the defendant was entitled to a credit on the note sued on for thatamount, on account of the notes offered in evidence as aforesaid. The plaintiff’s counsel, observing that *399 those notes did not amount to three hundred dollars, requested that they might be “ sent with the jury to give credit from,” which the counsel tor the defendant consented to. The plaintiff then moved the Court to instruct the jury that they could allow the defendant no credit on account of the said last mentioned notes so sent out with them. The Court refused to give the instruction, and instructed the jury to find as they thought right upon the evidence. The refusal of the Court to give the instruction prayed and the instruction given by the Court were excepted to, and the plaintiff moved lor a new trial, assigning for cause that the verdict was against the instruction of the Court, and that the Court mis-instructed the jury. It is assigned for error, that the Court refused to grant the new trial. The testimony of the defendant as explained by the witness is, that he heard a conversation in the lifetime of the intestate between him and the defendant, in which it was admitted by Sullens, the intestate, that the defendant had taken up the amount, or thereabouts, of three hundred dollars of notes executed by Sullens to difíerentmdividuals at his request, for which he said he would give a credit on the defendant’s note when he arrived at home. Tiiis was not done, and the defendant not being able to prove that the notes he offered in evidence to establish the amount of credit he claimed, were those which he had been promised a credit for, the Court excluded them from the jury, and very properly.
It was the plaintiff’s own fault to send them afterwards to the jury in order to ascertain the amount which the jury seemed determined to find against him. It is not easy to perceive any right the plaintiff’s counsel had to trouble the Court to give the same instruction to the jury a second time. It was his own act to make the instruction necessary a second time, an act too for which there seems to have been no necessity. But the Court clearly committed error in instructing the jury to find as they thought right upon the evidence.
By this instruction the first instruction so correctly given, viz : not to regard those notes as evidence, was virtually withdrawn. The plaintiff ought to have had a new trial allowed him, for the verdict was against the instruction first given, and the Court also mis-instructed the jury in telling them to find as they thought right upon the evidence; but it is contended that the judgment ought not to bo reversed, although error may have been committed by the Court. For the plaintiff had brought his action wrong in this, that he sued as administrator and had not shown himself as administrator by authority of the State of Missouri, and that he had sued for plank, and that it could hardly be intended for the Court to give a judgment against the defendant for plank to be paid in kind. The form of the petition given in the statute, certainly does not suit the case of a person suing as administrator. The statute, however, seems intended for general use, and it does not seem necessary to pursue the form of the petition given in it, except when that form suits the cause.
The language of the statute is, “purporting as follows.” No reason is seen why with proper averments the petition might not be adapted fo the case of an administrator suing, nor is it seen why the administrator, should his cause be remanded, might not amend and rectify all the defects of the petition as they now exist. This Court, then, being of opinion that the Circuit Court committed error in not allowing a new trial, reverse its judgment, and remand the cause for further proceedings in conformity with this opinion.