HUNT v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Plaintiff in Error.*

1. **Ejectment**: PLAINTIFF'S TITLE. In ejectment it is error for the court to leave it to the jury to determine whether the plaintiff is the owner of the premises, without instructing them as to the legal effect of the deeds read in evidence.

2. ——: ——. If plaintiff's paper title be insufficient he can only recover either upon the ground of continued adverse possession for ten years prior to defendant's entry, or upon proof of prior possession under claim of right.

See also *The State v. McGinniss,* 74 Mo. 245; *The State v. McGrath,* 73 Mo. 181.

*Error to Cooper Circuit Court.* — Hon. Geo. W. Miller, Judge.

Reversed.

*A. & J. F. Lee, Jr.*, for defendant in error.

*Draffen & Williams* for plaintiff in error.

Norton, J.—This is an action of ejectment to recover the possession of the north half of lot number 167, in the city of Boonville; the petition being in the usual form, and the answer a general denial.

On the trial plaintiffs obtained judgment, from which defendant has prosecuted his writ of error, and seeks a reversal of the judgment upon various grounds, the most material and chief of which is the action of the court in giving and refusing instructions.

The instructions given for plaintiff, are as follows: 1. If the jury shall find from the evidence that the plaintiff was, on the 15th day of June, 1868, the owner of the lot described in the petition, and that she has not since parted with her title or interest therein, then the plaintiff is entitled to the possession of said lot, and the jury will find for the plaintiff.

2. If the jury find for the plaintiff, they will assess her damages at such sum as they may find from all the evidence that plaintiff has sustained by loss of rents and profits of said lot since defendant took possession thereof, and had notice of plaintiff's claim thereto down to the present time, not exceeding the amount claimed in the petition, and the jury will further state in their verdict the value of the monthly rents and profits.

The instructions given for defendant, are as follows: 1. The jury are instructed that it devolves upon the plaintiff to show by evidence, to the satisfaction of the jury, that at the time of the institution of this suit she had

the legal title to the property sued for; and unless this proof has been made, the jury must find for the defendant.

4.   If the jury should find the issue for the plaintiff in this case, they are instructed that in estimating the damages for the rents and profits of said premises, they will only estimate the same from the time this suit was commenced.

The instructions asked by defendant and refused, are as follows:   2. The jury are instructed that the only evidence of title offered by the plaintiff in this case is a deed from J. B. C. Lucas to Anne Lucas Hunt, and a deed of partition from James H. Lucas to this plaintiff, and these deeds of themselves do not put the legal title to the property in the plaintiff, and the jury must find for defendant.

3.   The jury are instructed that the deeds read in evidence do not place the legal title to the lot sued for in the plaintiff, and that the plaintiff has not shown a legal title to said lot mentioned in the petition; and before she can recover in this case the plaintiff must show by evidence, to the satisfaction of the jury, that prior to the time that the defendant, and those under whom it claims, entered into possession of the lot sued for, the plaintiff, or those under whom she claims, were in the actual possession of said lot, claiming the same under said deeds; and the mere claim of title and the payment of taxes without actual possession is not of itself sufficient to entitle the plaintiff to recover; and unless such prior actual possession has been shown, to the satisfaction of the jury, they ought to find for defendant.

On the trial plaintiff offered various deeds, which it is unnecessary here to notice, further than to say that they were insufficient to establish title in plaintiff to the lot in controversy, and this is conceded by counsel for plaintiff. This fact being conceded, we are at a loss to perceive on what ground the court gave instructions to the jury predicating plaintiff's right to recover upon the strength of her

title, when there was no evidence of paper title, and without so directing them.

Whether the deeds offered in evidence were sufficient to show title in plaintiff, was a question for the court to determine, and the reference of it to the jury in the manner it was referred by the instructions, was clearly erroneous. *Bailey v. Ormsby*, 3 Mo. 580; *Hickey v. Ryan*, 15 Mo. 63; *Cape Girardeau Co. v. Harbison*, 58 Mo. 90; *Wiser v. Chesley*, 53 Mo. 547.

1. EJECTMENT: plaintiff's title.

The deeds offered in evidence being insufficient to authorize a recovery, plaintiff could only recover either upon the ground of continued adverse possession for ten years previous to the entry of defendant, or upon proof of prior possession under claim of right. *Bledsoe v. Simms*, 53 Mo. 305; *Matney v. Graham*, 59 Mo. 190; *Alexander v. Campbell*, 74 Mo. 142. Neither of these questions was submitted to the jury, but on the contrary, instruction numbered three which proposed to submit one of them, and the only one which the evidence as preserved in the record before us in anywise tended to show, was refused.

2. ——: ——.

In the refusal of this instruction, as well as in giving those that were given, without telling the jury what was the legal effect of the deeds read in evidence, the court committed error, and the judgment will be reversed and cause remanded, in which all concur.