IN THE

# SUPREME COURT

OF THE

# TERRITORY OF WYOMING.

---

## JANUARY TERM, 1887.

---

FEIN v. FEIN.

(February 7, 1887.)

RIGHTS OF DIVORCED WIFE — ACTION TO SET ASIDE FRAUDULENT CONVEYANCES—INJUNCTION.

1. Until a wife who has brought suit for divorce and alimony against her husband is in the position of his judgment creditor, she cannot maintain suit against him to cancel and set aside a conveyance by him of lands, not their homestead, as in fraud of her rights.

2. In such case a decree enjoining the husband from conveying land conveyed by him to his son long prior to the commencement of the suit for divorce, as an ancillary to the finding of the decree that the deed was fraudulent and the title in the husband, must be set aside.

Appeal from district court, Albany county.

Bill in equity by Mrs. Fein against John J. Fein, J. M. Ingersoll, and John J. Fein, Jr., to cancel and set aside certain deeds of conveyance of lands as fraudulent. From a decree setting aside a deed from John J. Fein to Fein, Jr., John J. Fein appeals. Decree set aside, and bill dismissed.

*Brown, Blake & Arnold,* for appellant.
*Corlett, Lacey & Riner* and *Mr. Groesbeck,* for appellee.

CORN, J. On the fifteenth day of January, A. D. 1884, the appellee filed her bill in chancery in the district court of Albany county against John J. Fein, the appellant, and J. M. Ingersoll and John J. Fein, Jr., setting out that she was the wife of the appellant, and had brought suit against him for divorce and alimony, and that said suit was still pending and undetermined in the same court; that appellant owed her for large sums of money advanced to him during their marriage; that the appellant, for the purpose of defrauding her of her equitable interest in his estate, and to prevent her from obtaining such portion of his money or property as might be decreed her in that suit by way of alimony, and a division of his property, had conveyed certain real estate to the defendant Ingersoll, and certain other real estate to the defendant John J. Fein, Jr. The bill alleges that the conveyances were without consideration and fraudulent, and prays that they be canceled and set aside, and that appellant be decreed to have a perfect title to the property; that upon a decree of divorce she be awarded a portion of said estate, or a specific sum for maintenance

Ketchum v. Davis.

and alimony, chargeable as a lien thereon. The defendants demurred to the bill, and the demurrer was overruled. Ingersoll and appellant filed separate answers, and the default was entered of John J. Fein, Jr. Upon the hearing, the court rendered a decree dismissing the bill as to the defendant Ingersoll, setting aside the deed from appellant to John J. Fein, Jr., and declaring the title to that portion of the real estate in controversy to be in the appellant, and enjoining him from conveying or in any way incumbering it until the determination of the matters involved in the suit for divorce, and until the further order of the court. From this decree John J. Fein alone appealed.

It is, we believe, uniformly held that a creditor will not be permitted to come into court for the purpose of having a conveyance alleged to be fraudulent set aside until he has reduced his claim to a judgment. Is the appellee in any different or better position because she is the wife of appellant? By the laws of this territory the wife is not entitled to dower in the lands of the husband, and it is not contended that any portion of the lands in controversy was the homestead of the parties. There is upon the husband the legal duty of supporting and maintaining his wife, and the wife may come into a court of chancery and enforce her right by obtaining a decree for alimony or separate maintenance; and, in determining the amount of alimony to be decreed, the court will take into consideration any advancements made by the wife to the husband, and how far she has contributed to the property held in his name. Until she has done this she is in no other or better condition to ask that a conveyance by her husband in fraud of her rights be set aside than any other simple creditor. She may, upon filing her suit for divorce, or at any time during its pendency, upon proper showing, obtain an injunction restraining him from conveying or in any way incumbering his property in fraud of her rights. And it is urged by appellee that the only part of the decree which affects appellant is the injunction restraining him from conveying or incumbering the property formerly deeded by him to John J. Fein, Jr., and that this is but the ordinary exercise of the chancery powers of the court in granting injunctions in suits for divorce. But, as appears from the record, the conveyance from appellant to John J. Fein, Jr., was made long prior to the commencement of this suit or the suit for divorce; and it is plain that the injunction (which restrains appellant only, and not John J. Fein, Jr., from conveying this property) is based upon, and is ancillary to, the finding of the decree that the deed is fraudulent, and that the title is in appellant. Striking out the clause of the decree finding the title in appellant, the injunction would be of no effect.

Appellee has moved to dismiss the appeal upon the ground that by the record, upon his own testimony, appellant has no interest in the property; that the only part of the decree which affects him is the injunction; and that that is an interlocutory order, and cannot be appealed from. The record shows that he conveyed to John J. Fein, Jr., by warranty deed. Whenever his grantee's title was attacked, it became his duty to defend, and he was properly named as one of the defendants in the action. But it is urged that the decree of the court below setting aside his deed as fraudulent is a complete defense to any action upon the covenant. That is to say, the complainant brings her suit alleging that the deed is fraudulent; if the deed is fraudulent, the grantor cannot defend; but the deed is fraudulent, therefore the grantor cannot defend. This assumes the very point at issue in the case,—an issue which the appellee is not even at liberty to make until she has placed herself in position to do so by becoming a judgment creditor.

The decree will be set aside, and the bill dismissed.