## KELLEY v. KURZ, *Appellant.*

### Division Two, December 7, 1893.

**Ejectment: INSTRUCTION: APPELLATE PRACTICE.** A judgment in ejectment for plaintiff will be reversed and the cause remanded, although the evidence shows that he has acquired title by limitation, where the cause was tried on the erroneous theory that he had the paper title and an instruction was given to that effect.

*Appeal from Pike Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*J. D. Hostetter* and *Clark & Dempsey* for appellant.

(1) The first instruction given for plaintiff is clearly erroneous. The plat book and deeds read in evidence by plaintiff instead of showing the legal title to the land is dispute to be vested in plaintiff unequivocally show that it is not so vested. (2) Defendant's instruction in the nature of a demurrer to the evidence ought to have been given. (3) The failure to describe the land therein renders the verdict and judgment bad and incurable. Sedgwick & Wait Tr. Title to Land, secs. 459, 499, 501; *Buse v. Russell*, 86 Mo. 211; *Mourning v. Coal & Mining Co.*, 99 Mo. 320; *Crawford v. Ahrnes*, 103 Mo. 88; *Meier v. Meier*, 105 Mo. 411; *Moore v. Moore*, 67 Tex. 263.

*Joseph Tapley* and *Fagg & Ball* for respondent.

(1) The action of ejectment was the proper one to try the question involved in the controversy between

plaintiff and defendant. The land sued for was only partially enclosed. In making an effort to fence in the premises the plaintiff was stopped by the defendant who claimed to be the owner and in possession. (2) The tract sued for was accurately described in the petition by metes and bounds and the verdict and judgment were such that plaintiff could be put in possession of the identical land claimed by him. (3) The action of the court in giving the instruction asked for by plaintiff was proper. It was the duty of the court as a matter of law to pass upon the deeds and title papers introduced in evidence on the trial. *Hunt v. Railroad*, 75 Mo. 252. (4) The court committed no error in refusing to give defendant's instruction by way of demurrer to the evidence. (5) Independent of any question of title as shown by the papers the proof was clear and uncontradicted that for a period of fifty years and more previous to the conveyance to the plaintiff on July 26, 1889, the open notorious and adverse possession of the premises in question had been without interruption in Joe McCune and his grantors under color of title. (6) The description of the land as set out in plaintiff's petition was sufficiently accurate and certain and the objection made by defendant to the several deeds read in evidence that they were too vague and uncertain in the matter of description is unfounded. *Hammond v. Johnston*, 93 Mo. 198, and cases cited; *Bollinger Co. v. McDowell*, 99 Mo. 632, and cases cited. (7) There was no attempt on part of defendant to rebut the proof of title offered by plaintiff nor to contradict the proof of possession. The verdict were evidently for the right party and should not be disturbed.

BURGESS, J.—This is an action of ejectment for the possession of a tract of land in Pike county

described as follows: Commencing at the southwest corner of the northwest quarter of the southeast quarter of section 29, township 54, range 3, west, and running east a distance of eleven and seventy-nine hundredths chains; thence north twenty-six and one-half degrees west ten and seventy-five hundredths chains; thence north nine and one-half degrees west four and seventy-two hundredths chains; thence north eighty-three and one-half degrees west five and eighty-nine hundredths chains; thence south fifteen chains to the place of beginning, containing twelve and thirty-three hundredth acres.

The petition is in the usual form and the answer a general denial. The judgment was for plaintiff for possession of the land sued for, and defendant appealed.

Upon the trial the plaintiff read in evidence the township entry plat book of Pike county from which it appeared that one Bennett Goldsby entered the southeast quarter of section 29, township 54 of range 3, west.

It is stated by counsel for plaintiff in their brief that "the land sued for is described as being in the north half of said southeast quarter," while the contention on behalf of defendant is that the description of the land in the deeds under which plaintiff claims title is so indefinite and uncertain that it was impossible to locate it.

There was no evidence introduced by plaintiff showing or tending to show that Goldsby had ever at any time parted with his title to the land, and, while the evidence showed that plaintiff and those under whom he claimed had been in the actual possession of it, or at least a part of it, claiming the whole under color of title for fifty years, he failed to show a regular chain of title from Goldsby, or to in any manner connect his own title therewith.

The court at the instance of plaintiff instructed the jury as follows:

"The court instructs the jury that under the deeds read in evidence and copy of plat from the register and receiver's office the legal title to the land in dispute is in the plaintiff, and if the jury believes from the evidence in the case that on the ninth day of June, 1890, the defendant was in possession of same, that is, using and controlling the same exclusive of the use and control of anyone else, then the verdict should be for plaintiff."

This instruction is clearly erroneous, for the reason that, while the record evidence showed that Bennett Goldsby entered the land, the evidence does not show that plaintiff ever at any time acquired this title, which seems to have been outstanding at the time of the commencement of this action. In order to have justified this instruction plaintiff must have shown a regular chain of title from the United States government down to and in himself.

It is equally clear that plaintiff and those under whom he claimed had acquired the title to the land in controversy under the statute of limitations, having been in actual possession of it for more than ten consecutive years. And moreover that he was entitled to recover as against the defendant upon the proof of his prior possession under color of title. *Hunt v. Railroad*, 75 Mo. 252. But the case was tried upon a different theory. It may not be improper to say that there was but very little evidence that defendant was ever in possession of the land in controversy.

As the evidence shows that plaintiff was unquestionably entitled to recover possession of the land upon the ground that he and those under whom he claimed had acquired the absolute title under the statute of limitations as well also as upon the ground of prior

possession under claim of right, we regret to be compelled to reverse the judgment and remand the cause for another trial, but our duty compels us to do so. The judgment is reversed and the cause remanded. All of this division concur.