## DURELL v. ABBOTT ET AL.

PLEADING — ACTION TO QUIET TITLE — APPEAL AND ERROR.

1.  A petition in an action to quiet title to land which alleges possession in the plaintiff and a claim of title in fee is not demurrable for a failure to set out the nature of plaintiff's title.

2.  Evidence need not and should not be pleaded.

3.  The petition set out and held sufficient against an attack by demurrer.

4.  Defendant was in default for further pleading, and thereafter the cause was continued by consent until the next term of court; four days later and during the same term judgment was taken on default. Held, the judgment could not be questioned for the first time on error for such alleged irregularity. Whatever relief the complaining party is entitled to should be sought in the first instance in the trial court.

[Decided March 3, 1896.  Rehearing denied April 16, 1896.  Commenced in the District Court, March 25, 1893.]

ACTION to, quiet title to land brought by George E. Abbott and Maud E. Ellis against D. J. Durell. The defendant demurred to the petition. The demurrer was overruled and defendant excepted. The case was by consent continued until the next term; but later judgment was rendered for plaintiffs upon default. Defendant brought the case to the supreme court by petition in error.

*W. R. Stoll*, for plaintiff in error, maintained that notwithstanding the overruling of the demurrer the defendant was entitled to insist that the plaintiffs prove their rightful possession, and to object to any finding of title on the part of the court. Also that the allegation of " claim " of title in fee was not sufficient to sustain the finding that plaintiffs had the legal estate in the premises. The allegation did not amount to an allegation. of title. (McGrath v. Mitchell, 56 Mo. App., 626; Fugate v. Pierce, 49 Mo., 441; Herrick v. Churchill, 35 Minn., 318; Allen v. Mansfield (Mo.), 18 S. W., 901; Blodgett

v. McMurtry, 34 Neb., 782; 39 Neb., 210.) Mere possession will not entitle the plaintiff to relief. (Curtis v. Sutter, 15 Cal., 260; Reed v. Calderwood, 32 id., 109; Eaton v. Giles, 5 Kan., 24; Stark v. Starr, 6 Wall., 402; Holland v. Challen, 110 U. S., 15; Wall v. Magnes, 17 Colo., 476; Collins v. Collins, 19 O. St., 468; Westbrook v. Schmaus, 51 Kan., 214; Edgar v. Edgar, 26 Ore., 65; Trittipo v. Morgan, 99 Ind., 269; Coolidge v. Forward, 11 Ore., 118.)

A person who is a trespasser, or in possession by fraud, or in merely constructively, can not bring the action. The possession must be open, actual, and rightful. (Eaton v. Giles, supra; Williams v. Sutton, 43 Cal., 65; Wood v. Ry., 11 Kan., 324; Douglas v. Nuzrum, 16 id., 515; Wakefield v. Sunday, etc., 85 Mich., 605; Reed v. Calderwood, 32 Cal., 109; Cartwright v. McFadden, 24 Kan., 473; Campbell v. Davis, 4 So., 140; Rutherford v. Ullman, 42 Mo., 216; Watson v. Von Derheide, 28 N. W., 726; Grove v. Jennings, 46 Kan., 366; Morril v. Douglas, 14 id., 294; Tichenor v. Knapp, 6 Ore., 205; Murphy v. Hinds, 15 Minn., 182; Wilder v. St. Paul, 12 id., 192; Swaze v. Bride, 34 Mo. App., 414.) There must be not only an allegation of actual possession but also of title. (Leary v. Duff, 147 Mass., 147; King v. French, 2 Saw., 441; Emery v. Cochran, 82 Ill., 65; Ry. v. Stanley, 49 Fed., 263; Giltenan v. Lemert, 13 Kan., 476; Frost v. Spitley, 121 U. S., 552; Lawrence v. Zimpleman, 37 Ark., 643; Rhea v. Dick, 34 O. St., 420; Rennie v. Hildreth, 81 Cal., 187; Ely v. Ry., 129 U. S., 291; Joyce v. McAvoy, 31 Cal., 274; San Diego v. Allison, 46 Cal., 163; Goldsmith v. Gilliland, 22 Fed., 865.)

*John C. Baird,* for defendants in error.

Plaintiff in error made no effort to have the judgment set aside in the court below. He can not therefore appeal from the judgment. A default can not be reviewed by appeal. The remedy is to move to have the default

opened upon reasons. (Elliott's App. Pro., Sec. 334; Pope v. Dinsmore, 8 Abb. Pr., 429; Downing v. Harmon, 13 Ia., 535.)

The petition was sufficient.

(2 Boone Code Pl., 369; 2 Estee Pl. & Pr., 187; 2 Bates Forms, 659; Von Auken v. Monroe, 38 Mich., 731; Rough v. Simmons, 65 Cal., 227; Pier v. Fondulac, 38 Wis., 470; Thomas v. White, 2 O. St., 540; Scott v. Kramer, 31 O. St., 295; Eastman v. Lamprey, 12 Minn., 153; Wolverton v. Nichols, 5 Mont., 89; Ford v. Belmont, 69 N. Y., 567; Yaple's Pr., 773; 8 O., 382; Rhea v. Dick, 34 O. St., 420; Lusby v. Jones, 31 W. L. B., 70; Elithorpe v. Buck, 17 O. St., 72; Pralus v. Pacific, etc., Co., 35 Cal., 30; Pomeroy's Code Rem., 369; Buchanan v. Roy, 2 O. St., 251; Hubbard v. Clark, 8 O., 382; 10 Nev., 370; Stoddart v. Burge, 53 Cal., 394; Steele v. Fish, 2 Minn., 153; 73 N. Y., 430; 94 Ind., 457; 24 Kan., 662; 35 O. St., 597; 54 Ind., 37; 62 id., 441; 60 id., 383.)

Conaway, Justice.

This is an action to quiet title brought by defendants in error as plaintiffs below to quiet title to realty of which they allege that they are in possession, and to which they claim title in fee. To this petition there was a demurrer on the ground that the allegation that plaintiff claims title in fee is not sufficient, but that the nature of the title should be set up. The authorities cited by plaintiff in error are generally as to what evidence is necessary to prove title. The evidence need not and should not be pleaded. The petition is in a form which is well approved by the best authorities. The demurrer was properly overruled. Defendant defaulted in failing to plead further in the time given by the court for that purpose, which was twenty days from June 1, 1893. On the 7th day of October the cause was continued by consent of parties until the next term. Afterward, on the 11th day of November, and during the same term, judgment was taken on the default.

Plaintiff in error claims that this was error, and asks this court to reverse the judgment. This question is raised for the first time in this court. Whatever relief the plaintiff in error is entitled to, if any, should be sought in the first instance in that court. The district court had unquestioned jurisdiction of the subject-matter of the suit to try and determine and render judgment in the case, and there was a general appearance by plaintiff in error by filing his demurrer and taking time to answer. It is insisted that this court should reverse the judgment on account of an alleged irregularity which has never been called to the attention of the trial court. We are of the opinion that this would violate well-established rules and precedents. See Bradley v. Syndicate Imp. Co., 43 Pac., 79 (supra).

*Judgment affirmed.*

GROESBECK, C. J., and POTTER, J., concur.

### ON PETITION FOR REHEARING.

CONAWAY, JUSTICE.

The petition for rehearing sets up several errors of this court in its short opinion delivered on the original hearing in not understanding the authorities cited nor the arguments offered by plaintiff in error. As such errors do not go to the merits of the case, they will not be discussed.

The brief on petition for rehearing, however, states that plaintiff in error merely insisted that the proceedings of the trial court in rendering judgment on the default after continuing the cause for the term, "could not prevent the plaintiff in error from having the ruling of the court below upon the demurrer reviewed by the supreme court, and could not prejudice the plaintiff in error before the supreme court." It is thus apparent that it is the opinion of counsel for plaintiff in error that the only question before this court is, "Did the trial court err in overruling the demurrer to the petition of plaintiff in error?" This is also our opinion, and we did consider that question. As it seems that we have failed to make our meaning clear,

we will now consider it further. The charging part of the petition demurred to is in the following words :

"1. That the plaintiffs are now and for a long time have been, and are entitled to be, in the possession of certain real property, situated, lying, and being in the county of Laramie and State of Wyoming, known and described as follows, to wit : Lot numbered one in section numbered twenty-three, in township numbered fourteen, north of range numbered sixty-seven, west of the sixth principal meridian."

"2. That the said plaintiffs claim title in fee to the said premises, and that the defendant aforesaid claims an estate or interest therein adverse to the said plaintiffs."

"3. That the claim for said defendant is without any right whatever, and that the said defendant has not any estate, right, title, or interest whatsoever in said land or premises, or any part thereof."

The statute under which this action was brought is the following :

"An action may be brought by a person in possession, by himself or tenant, of real property, against any person who claims an estate, or interest therein adverse to him, for the purpose of determining such estate or interest." (Rev. Stat., Sec. 2985.)

Under such a statute, the following is an approved form of petition : "Plaintiff is in actual possession of the following-described real estate situated in said county of . . . (describe the real estate)."

"The defendant claims an estate or interest therein adverse to plaintiff's right." This is followed by prayer for relief. Bates on Code Pleading, 659. The petition in the case at bar contains all this and more. See also Kinkead's Code Pleading, Sec. 1039, and notes.

The case of Herrick v. Churchill, 35 Minn., 318, is relied on. It was brought under the second clause of Gen. Stat. Minn., Chap. 75, Sec. 2. This clause gave an action to one having or claiming title to unoccupied land. The first clause, like our statute, gave a right of action to

one in possession.   Of this the court says:   "Under the first clause of the section the plaintiff's possession alone gives him a standing in court, for possession is title, and a good title, against all the world, except those who can show a better one.   In such action the plaintiff must allege, and, if denied, must prove, at least, his possession; and in order to maintain an action under the second clause of the section, in case of vacant or unoccupied land, the plaintiff must allege, and, if denied, prove some title or interest in himself.   He must 'claim' title in his complaint, and this he must do by alleging title."

This opinion is open to criticism, but it does not sustain the position of plaintiff in error, but the contrary.   A further discussion of the cases would seem to be unprofitable.   They do not sustain the position of plaintiff in error in attacking the petition by demurrer.

*Rehearing denied.*

Groesbeck, C. J., and Potter, J., concur.