## HALL v. GALLEMORE, *Appellant.*

### Division Two, April 3, 1897.

1. **Ejectment:** GENERAL ASSIGNMENT OF ERROR. An assignment of error that "all the evidence except one deed is totally incomprehensible" is too general, and unless the evidence is specified and the objection thereto pointed out, it will be held to be no assignment at all.

2. ———: LOST DEED: USE OF RECORD. The rules only require the person offering the record in place of a lost deed to set out the substance and legal effect of the instrument, where there is no contest made over its form and recital. Where, therefore, plaintiff proved that he had obtained a deed three years prior thereto, deposited it with a banker for safe keeping and neither he nor the banker was able to find it, and the plaintiff offers in evidence the record of the deed, naming the grantor, the grantee, the date, book and page of record, and lots conveyed, he did all that was necessary for the admission of the record, in the absence of any contest over its form and recitals.

3. ———: PRIOR POSSESSION. While it is true in ejectment that plaintiff must recover on the strength of his own right or title and not on the weakness of that of defendant; yet it is equally well established that where no title appears on either side, the prior possession of plaintiff, though short of the statutory bar, will prevail over a subsequent possession by defendant which has not ripened into a title, provided plaintiff's claim is under a claim of right or color of title and not voluntarily abandoned; and such prior possession, against a naked trespasser, is sufficient for a recovery.

*Appeal from Newton Circuit Court.*—Hon. J. C. Lamson, Judge.

AFFIRMED.

*N. C. Gallemore* and *J. T. Sturgis* for appellant.

(1) All the evidence in the case except one deed, the only one put in evidence, related to the question of the place of plaintiff's residence and it would be stating the matter correctly to say that its relevancy is totally incomprehensible. The plaintiff after stating that he was present at the sale of the property in controversy by the constable of his township was asked if he claimed his exemptions and asked to have them set out. The defendant objected on the grounds of its being immaterial, which the court overruled. This was palpable error and is presumed to be prejudicial. *Clarence v. Patrick*, 54 Mo. App. 462. (2) Defendant relies on the fact that the plaintiff failed to show any

title to the property in himself and was not entitled to recover. The court should have sustained the demurrer to the evidence and rendered judgment for the defendant. The plaintiff showed no paper title except a deed of an unknown kind and date from the railroad company to himself, no copy of which is contained in the record, and in ejectment the plaintiff must recover on the strength of his own title and not on the weakness of the defendants. *West v. Brctelle,* 115 Mo. 653; *Marvin v. Elliott,* 99 Mo. 616; *Ford v. French,* 72 Mo. loc. cit. 252; *Large v. Fisher,* 49 Mo. 307; *Duncan v. Able,* 99 Mo. 188; *Siemers v. Schrader,* 14 Mo. App. 346; *Gravel Road Co. v. Renfroe,* 58 Mo. 265; *Foster v. Evans,* 51 Mo. 39.

*James H. Pratt* for respondent.

(1) The citation of authorities contained in appellant's brief, present correct propositions of law, but certainly have no application to the case at bar, as there is no pretense that the appellant introduced any evidence of any kind or character to show title in himself, or that he made any objection to the title of the respondent on the trial of the cause. The verdict and judgment of the trial court were for the right party, and the judgment of the circuit court should be affirmed.

GANTT, P. J.—This is an action of ejectment for lots 15, 16, 17 and 18 in block 15, in Sturgis & Lane's addition to the city of Seneca in the county of Newton in this State, which plaintiff avers is his homestead. The ouster was laid on the second day of January, 1894. He also prays for damages to the amount of $1,000 and rents and profits at $5 per month. The answer is a general denial.

The cause was tried at the November term, 1894, of the circuit court of Newton county. Both parties waived a jury and submitted the case to the court for hearing. The trial court found the issues for the plaintiff and rendered judgment for possession and assessed the value of the monthly rents and profits at $5 per month from the rendition of judgment until possession be surrendered to plaintiff and for costs. Within four days after judgment defendant filed his motions for new trial and in arrest of judgment which were overruled and defendant saved his exceptions and in due time presented his bill of exceptions which was signed and made a part of the record.

The appellant assigns as error the admission of incompetent evidence, and the refusal of his demurrer to the evidence.

1.   As to the first assignment it is entirely too general. To say as appellant does in his brief that "all the evidence except one deed is totally incomprehensible" without specifying the evidence and showing an objection thereto amounts to no assignment. It is true appellant does specify that he objected to plaintiff's proving that he claimed this homestead as exempt when it was sold and demanded to have it assigned because such evidence was immaterial. We have time and again ruled that such an objection amounted to no more than saying "I object." Moreover we do not agree that such evidence was necessarily incompetent. We can conceive of circumstances in which it would be necessary to rebut the claim of an estoppel that the execution debtor had waived his homestead exemption. The objection to the introduction of the record of the deed from the railroad company to plaintiff was properly overruled. Plaintiff proved that he had deposited his deed three years before the trial with a merchant in

Seneca and had made several attempts to find it and the merchant had not been able to find it. This was *prima facie* sufficient. No other objection was made to the deed. The point now made by appellant that the record does not show the character of that conveyance is wholly without merit. Our rules only require the appellant to set out the substance or legal effect of a conveyance where there is no contest made over its form or recitals and in compliance with that rule appellant, who brings these exceptions, states that "plaintiff offers in evidence the record of the deed from the St. Louis & San Francisco Railroad Company to John N. Hall recorded in book 14, page 303, conveying lots 15, 16, 17, and 18 in block 15, in Sturgis & Lane's Addition to the city of Seneca." In the absence of any contest over this deed this was a sufficient recital of such a conveyance. Defendant by his cross-examination of plaintiff elicited the fact that the plaintiff had the possession of the original of this deed three years before the trial. The objection to the evidence must be held untenable.

2. It is next insisted that the demurrer to the evidence should have been sustained, on the ground that plaintiff failed to show the legal title to the lot in himself. This case was evidently tried without regard to the rules of good practice or the appellee has permitted much of the case to be omitted from the bill of exception. There is however sufficient before us to show that the court was justified in finding that plaintiff prior to January, 1893, was in possession of this lot occupying it as his homestead under and by virtue of a deed from the railroad company; that he was the head of a family consisting of himself, his wife, and two children; that at the time of bringing this suit the defendant Gallemore was in the possession of said lot, and it was admitted on the trial that said Gallemore

was still in possesssion and occupying said lot; that plaintiff was claiming the possession; that plaintiff never gave one Shear possession of said lot but that defendant Gallemore got possession and papered the house and put Shear in possession of the house; that under some kind of process not clearly disclosed this homestead had been sold contrary to the claim of plaintiff thereof as a homestead exemption. Plaintiff was present at the sale or pretended sale of the property by the constable and claimed it as his homestead and forbid the sale; that while absent at his sawmill some two miles from the state line, Gallemore, the defendant, took possession of the premises. In a word this evidence was amply sufficient to show that the plaintiff under and by virtue of a formal deed to these lots was in the actual peaceable possession thereof occupying them as a homestead with his wife and two children; that his occupation was running a sawmill near the State line; that during his absence at his mill the defendant Gallemore entered and took possession and put Shear in the house. The defendant so far as this evidence discloses was a trespasser, pure and simple. He offered no deed or conveyance to the lots. He made no effort to show a lawful acquisition of title of plaintiff or a right to the possession. He contented himself with a mass of evidence tending to prove that plaintiff was a resident of the Territory.

To reverse this case appellant now relies upon the well established rule that in ejectment plaintiff must recover upon the strength of his own right or title and not upon the weakness of defendant's title; citing *West v. Bretelle*, 115 Mo. 653, and other cases prior thereto. But while the principle he invokes is sound, he forgets that it is equally well determined and entirely consistent therewith that in actions of ejectment where no

title appears on either side the prior possession of plaintiff, though short of the statutory bar will prevail over a subsequent possession of defendant which has not ripened into a title, provided plaintiff's claim is under a claim of right or color of title and not voluntarily abandoned; and is sufficient against a naked trespasser. *Hunt v. Railroad*, 75 Mo. 252; *Kelley v. Kurz*, 118 Mo. 414; *Bledsoe v. Simms*, 53 Mo. 305; *White v. Keller*, 114 Mo. 479; *Christy v. Scott*, 14 How. (U. S.) 282; *Bains v. Bullock*, 129 Mo. 117.

In this case defendant offered not a scintilla of evidence justifying his entry and taking the possession of plaintiff's homestead. The judgment of the circuit court is affirmed. SHERWOOD and BURGESS, JJ., concur.