### PREGAL vs. STICKNEY*
(No. 1219; Feb. 16, 1926; 243 Pac. 392.)

EJECTMENT—PROOF OF PRIOR POSSESSION—REFORMATION OF INSTRUMENTS—EVIDENCE OF POSSESSION—PLEADING—APPEAL AND ERROR—JUDGMENT QUIETING TITLE UNNECESSARY IN EJECTMENT.

1. In action to recover real property, possession is the relief sought; questions as to title becoming important to show who has right to possession.
2. Proof of prior possession makes a prima facie showing of right of possession, entitling plaintiff to judgment in action to recover realty, unless defendant shows a better right.

3. Evidence *held* insufficient to grant reformation of a deed on grounds of mistake in describing lot conveyed.

4. Possession of property by plaintiff for 17 years, in action to recover realty, was sufficiently proved by leasing of property, collection of rents, payment of taxes, and making of improvements, though plaintiff never resided thereon.

5. In action to recover realty by plaintiff, a prior possessor, where defendant showed no color of title, it was unnecessary and useless to try questions of title between plaintiff and those claiming under original owner, since a mere intruder cannot enter on a person actually seized and then question his title or set up an outstanding title in another.

6. In action to recover realty, plaintiff need not plead ownership of property in fee simple, but such plea does not preclude her from recovering on proof of prior actual possession.

7. In action to recover realty, judgment quieting title in plaintiff in addition to awarding her possession and damages, was superfluous, since judgment can affect only matters that were, or should have been, litigated, and hence could not have prejudiced defendant.

*NOTE—See Headnotes (1, 2) 19 CJ pp. 1030 n. 20; 1031 n. 32, 35; 1178 n. 33 (3) 34 Cyc. p. 984 n. 34 (4) 2 CJ p. 58 n. 51; 19 CJ p. 1187 n. 90 (5) 19 CJ p. 1078 n. 94 (6) 19 CJ pp. 1109 n. 8; 1144 n. 91 (7) 4 CJ p. 1061 n. 32; 19 CJ p. 1214 n. 18 New.

ERROR to District Court, Albany County; WILLIAM A. RINER, Judge.

Action by Martha E. Stickney against Augusta Pregal and Harvey Pregal, in which the latter was dismissed after trial. Judgment for plaintiff, and remaining defendant brings error.

*H. V. S. Groesbeck* and *S. C. Downey* for plaintiff in error.

Plaintiff was not in possession and could not maintain an action to acquire title. 6234 C. S. Durell v. Abbott, 6 Wyo. 265. Neither can plaintiff maintain an action to establish title by adverse possession. Bowman v. Pinkham, 71 Mo. 295; Almond v. Bonnell, 76 Ill. 536. Plain-

tiff alleged a fee simple title, the most extensive title that can be enjoyed. 16 Cyc. 602. The case presents a conglomeration of law and equity, not sustainable under our statute. The mortgage had been paid. An equitable title is not a legal title that will sustain an action for possession. Morton v. Green, 2 Nebr. 79; Kingman v. Seevers, 143 Mo. 519; Peter v. Stevens, 11 Mont. 448, 28 A. S. R. 448. Adverse possession must be open, notorious and exclusive and taken under color of title in order to ripen into a title. Bolln v. C. & S. R. R. Co., 23 Wyo. 395, or founded on a claim of right. Gustin v. Martin, 20 Wyo. 1. Defendant in error never lived on the premises. A mere claim to land is not possesion. 2 C. J. 53. Brumigan v. Bradshaw, 39 Calif. 24; Becker et al v. McCrea, 193 N. Y. 423; 23 L. R. A. (N. S.) 754. There must be an actual possession. Morris v. Ile, 152 Ill. 190; Tiedman's cases, 551; Yarborough v. Newell, 18 Tenn. 376. The possession proven was that of the Trustee and not based wholly on foreclosure. Mortgagee in possession, by consent, is not adverse, and possession, under a mortgage, without consent, is not adverse. Reading v. Waterman, 46 Mich. 107, 8 N. W. 691; Greene v. Turner, 38 Iowa 112; Jasper Tp. v. Martin, 161 Mich. 137; City v. Gillespie (Wash.) 144 Pac. 697; Mitchell v. Green, (Minn.) 145 N. W. 424; Sefferlein v. Fouster (Mich.) 187 N. W. 602; Bolln v. C. & S. R. R. Co., Supra; defendant elected her remedy. Barquin v. Hall Co., 28 Wyo. 164. All other remedies were waived. Mach. Co. v. Rice, (Wis.) 139 N. W. 445; Mintz v. Jacob, (Mich.) 128 N. W. 211. This is particularly true where remedies are inconsistent. Weeks v. Reid (Fla.) 6 So. 749. Pleadings of admissions against interest and acts and conduct inducing another to act, are admissable. Bamforth v. Ihmsen, Admr., 28 Wyo. 284; Ford, et al v. Libby et al, 22 Wyo. 464. The right to reform the deed under the evidence seems to be clear. 34 Cyc. 910.

*J. R. Sullivan* for defendant in error.

Plaintiff took possession of the premises in 1901, made extensive repairs, paid the taxes and exercised every right of ownership over the property for seventeen years. There was not evidence of permissive possession. Adverse possession is presumed after long continued possession. Nash v. Co., 108 N. W. 792. Title acquired by adverse possession for the statutory period is not lost by owner's assertion of right under some other title subsequently acquired. 2 C. J. 256; 1 R. C. L. 722; McInnis v. Co. (Wash.) 172 Pac. 844; Lawson v. Bishop (Mich.) 180 N. W. 596; Carlson v. Co. (Mich.) 152 N. W. 960; Blackburn v. Coffee (Ark.) 218 S. W. 836. Title either by foreclosure or adverse possession is sufficient; 19 R. C. L. 462. Plaintiff's attempt to establish title under a defective deed made by Feast, is inequitable and should not be viewed with favor by this court.

KIMBALL, Justice.

The plaintiff, Martha E. Stickney, brought this action against defendants, Augusta Pregal and Harvey Pregal, to recover possession, and damages for withholding possession, of lot 10 in block 149, Laramie. After trial without a jury, Harvey Pregal was dismissed out of the case, and plaintiff given judgment against the remaining defendant who brings the case here on error. The plaintiff in error will be called defendant and the defendant in error plaintiff, as in the district court.

The property in question formerly belonged to Thomas Feast who, on April 2, 1891, mortgaged it to plaintiff to secure a note of that date for $500 due in two years. The note shows nothing paid thereon except one installment of interest. In 1901 or 1902 plaintiff took possession of the property, and continued in possession until 1920. The mortgage had not been foreclosed, and was the only paper or record evidence of plaintiff's interest in the property. In the spring of 1919 the defendant, desiring to buy the

property, was negotiating with plaintiff for that purpose; and discovered the condition of the title. Defendant's agent was then informed that plaintiff probably would have to foreclose her mortgage in order to clear her title. Thereupon, defendant tried to obtain from Feast a quit-claim deed to the lot, and succeeded in obtaining from him a deed which, however, described lot 11 instead of lot 10. At that time the property was occupied by plaintiff's tenant, a Mrs. Murdock, defendant's daughter. Defendant obtained possession either from Mrs. Murdock or by entry after Mrs. Murdock moved out. At any rate defendant was found in possession in 1920 and continued in possession until this action was commenced. In the meantime the plaintiff sought to foreclose her mortgage under power of sale, but on the trial she did not prove the foreclosure nor rely on title obtained thereby. The defendant, however, introduced the notice of sale, published in the fall of 1920, for the purpose of showing that the plaintiff then claimed the property as mortgagee and not as owner. Feast died some time in the fall of 1919.

In an action for the recovery of real property, possession is the relief sought, and questions as to the title become important to show who has the right to possession. Allen v. Houn, 30 Wyo. 186, 219 Pac. 573. When the plaintiff in this case proved that she was in prior possession of the lot in question she made out a *prima facie* case showing her right to possession, and this right would prevail and entitle her to judgment unless the defendant showed a better right. Allen v. Houn, supra, at pp. 213-214, 219 Pac. 583, 584; Bentley v. Jenne (Wyo.), 236 Pac. 509, 512. Defendant had no right whatever, and was a mere intruder, unless her quit-claim deed from Feast gave her a right to possession. Realizing this, defendant sought in this action to have the deed reformed on the ground of mistake. Whether that could have been accomplished in this case to which Feast's heirs were not parties, is a question we pass without decision.

Assuming that the deed from Feast might have been re-formed in this action, we think it quite clear that the evidence was insufficient to warrant that relief. The only testimony to prove mistake was given by Mr. Hunt, defendant's son-in-law, who drew the deed and conducted the incidental negotiations. These negotiations were with Dr. Miller of Laramie. Miller did not testify. Hunt and Feast never met and never communicated with each other. There is nothing to show the extent of Miller's authority as Feast's agent, and nothing to show the relation of agency except Hunt's testimony that Miller was Feast's agent. Hunt undoubtedly made a mistake when he wrote the deed, but there is nothing to prove that Feast made a mistake when he executed it. There was evidence to show that Feast at one time owned lot 11 as well as lot 10. He had parted with his title to lot 11, and at the time he executed the deed in question he owned no property in Laramie unless he still had some interest as mortgagor in lot 10. It is contended that his intention to convey his interest in lot 10 may be inferred from these circumstances. We think the inference does not follow. It is as reasonable to suppose that he thought the deed was needed to clear the title to lot 11.

Plaintiff's actual possession of the property for some seventeen years prior to 1920 was proved beyond question by uncontradicted testimony. She had leased the property and collected the rents, returned it for taxation and paid the taxes, and made improvements. She had never resided there, but that was not necessary. Freeman v. Grout, 1 Wyo. 364, 368; Bryant v. Cadle, 18 Wyo. 64, 85; 2 C. J. 57, 104 Pac. 23, 106 Pac. 687.

The plaintiff contended at the trial that her possession from 1902 to 1920 was adverse and that she thereby acquired the fee simple title to the occupied lot. The defendant contended that plaintiff's possession was under her mortgage; not hostile to the mortgagor, and, therefore, that it could not ripen into title by adverse possession.

The issue thus raised was immaterial when defendant failed to prove that she had succeeded to the rights of the mortgagor. The deed to lot 11 was not even color of title to lot 10. When it appeared that defendant had no color of title it was not only unnecessary but useless to try questions of title between plaintiff and those who might claim under Feast. A mere intruder cannot enter on a person actually seized, and then question his title, or set up an outstanding title in another. Christy v. Scott, 14 How. 282, 292, 14 L. ed 422; People v. Inman, 90 N. E. 438, 197 N. Y. 200; Hall v. Gallimore, 40 S. W. 891, 138 Mo. 638; Penrose v. Cooper, 81 Pac. 489, 84 Pac. 115, 71 Kan. 720; Elofrson v. Lindsay, 63 N. W. 89, 90 Wis. 203; Hubbard v. Little, 9 Cush. (Mass.) 475.

Hubbard v. Little, supra, was a proceeding by writ of entry, but the principles are equally applicable to ejectment. The demandant alleged seisin in fee, and undertook to prove title by possession of his testator. The opinion assumes that the demandant may not have had title as against the true owner. The court said, among other things:

"Upon the facts stated in the report, it seems to us, that this case falls very clearly within the familiar principle of law, that possession of land is sufficient evidence of seisin to entitle the possessor to hold it against all persons who cannot show an earlier possession, or higher or better evidence of title. * * * Actual possession of land gives a good title against a stranger having no title. Nor does this violate the well-established rule, that a party is to recover upon the strength of his own title only. A possession, prior in point of time to that of a tenant who has himself no title, but only a subsequent possession acquired by an ouster of the demandant, is a better title, upon the strength of which a party is entitled to recover. * * * It was not, therefore, necessary for the demandant in the present action to prove a title to the demanded premises,

by a disseisin of the true owner, or to raise a presumption of a grant from him. Such proof would be necessary as against a person showing a good paper title to the premises. * * * But in the present action, the demandant, although a tort feasor as to the real owner, may, nevertheless, well maintain trespass or a writ of entry against a stranger without title, for a disturbance of his own possession, and such stranger cannot be permitted to show, in defence of such an action, that the demandant's possession was not the possession of the true owner, because a party may have a possession of real estate, which is perfectly legal and valid against one person, and wholly insufficient and invalid against another. All, therefore, that was requisite on the part of the demandant in this action to prove, as against the tenants who showed no title to the estate in question, was, such a possession and occupation of the premises as to constitute legal seisin against a stranger.''

It is argued that plaintiff was bound to prove a fee simple title because she alleged it. The allegation of the petition is that plaintiff ''has a legal estate in, and now is and at all times hereinafter stated was the owner in fee simple and entitled to possession'' of the property. She need not have pleaded ownership in fee simple (Durrell v. Abbott, 6 Wyo. 265), 44 Pac. 647, and the fact that she did should not preclude her from recovering on proof of prior actual possession. This is shown by some of the authorities already cited and by Tarpey v. Salt Co., 14 Pac. 338, 5 Utah 205, 214.

It is not necessary to discuss in detail the many assigned errors. Challenged rulings with reference to pleadings and evidence were unimportant and harmless if the law applicable to the facts is what we have stated it to be.

The judgment is attacked because it not only declares plaintiff entitled to the possession of the property and damages, but also purports to quiet the title in the plain-

tiff. The judgment, in so far as it quiets title, can have no effect except as to those matters that were, or should have been, litigated by the parties to the record. No reason is suggested why the defendant's alleged title would not have been quieted as effectually by a judgment for possession of the property. The quieting of title was probably superfluous, but we cannot see how it can work any prejudice.

The judgment of the district court will be affirmed.

*Affirmed.*

POTTER, Ch. J., and BLUME, J., concur.